IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CYRUS EARL JOSEPH, :
    Petitioner :
     :
vs.         CIVIL NO. 1:CV-10-1222
     :
CRAIG LOWE, et al., :
    Respondents :

*M E M O R A N D U M*

I.    *Introduction*

On June 9, 2010, petitioner, Cyrus Earl Joseph, an ICE detainee at the Pike County Correctional Facility, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention and seeking release. He relies on *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Joseph is a citizen of the Commonwealth of Dominica but was born in Switzerland. He is under a final order of removal to Dominica.

We are considering the report of the magistrate judge, who recommends that the petition be denied because Petitioner has not shown that there is no significant likelihood of removal in the reasonably foreseeable future and because the length of his detention is comparable to other cases involving the same issue. Joseph has filed objections to the report, and the government has filed a response to the objections.

II.     *Discussion*.

The detention, release, and removal of aliens subject to a final order of removal are governed by the provisions of 8 U.S.C. § 1231, INA § 241.  Pursuant to § 1231(a), the Attorney General has ninety days to remove an alien from the United States after an order of removal becomes final.  During this "removal period," detention of the alien is mandatory.  *See* 8 U.S.C. § 1231(a)(2).

After the ninety-day period, if the alien has not been removed and remains in the United States, his detention may be continued, or he may be released under the supervision of the Attorney General.  *See* 8 U.S.C. §§ 1231(a)(3) and (6).  Under section 1231(a), ICE may detain an alien for a "reasonable time" necessary to effectuate the alien's deportation, but under *Zadvydas* indefinite detention is not authorized.  In *Zadvydas*, the Supreme Court defined six months as a presumptively reasonable period of detention.  533 U.S. at 701, 121 S.Ct. at 2505.  After this six-month period, an alien must be released if he provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  If he makes this showing, ICE must rebut it with evidence and show that there is indeed a significant likelihood of removal in the reasonably foreseeable future to keep him in custody.  *Id.*, 121 S.Ct. at 2505.

In Joseph's case, his removal order became final on September 30, 2009, about twelve months ago, after the expiration of the thirty-day period for appealing the immigration judge's order of removal to the Board of Immigration Appeals.  As noted, he filed his petition on June 9, 2010, some ten months after the order became final.

We will adopt the magistrate judge's report and deny the petition.  Petitioner objects that he has shown that there is no significant likelihood of his

removal because ICE has made no progress in obtaining travel documents from Dominica. It is significant, however, that there is no evidence that Dominica has refused to accept him. Dominica is still cooperating; the delay in the issuance of travel documents is attributable to the fact that Petitioner was born in Switzerland although he is now a citizen of Dominica. We also agree with the magistrate judge that the length of his current detention is comparable to other cases where habeas relief was not found warranted. (Doc. 12, magistrate judge's report, pp. 11-12).

Petitioner also objects to the magistrate judge's reliance on the conclusion by immigration officials that Petitioner should remain in custody because he presents a risk to the community and because he provided them with no location where he would live if released. We reject this argument. It is true that the magistrate judge found additional support for denying the petition on these factors, but he also correctly focused on the relevant issue, that Petitioner had failed to meet his burden of initially showing that there is no significant likelihood of removal in the reasonably foreseeable future.

Petitioner also objects that the government has provided no evidence to establish that the Commonwealth of Dominica is willing to accept him, only allegations, and no independent documentary evidence. He contends the government should have provided an affidavit of the deportation officer in charge of his case, along with authenticated correspondence from the Dominican consulate. He cites in support *Moreira v. Gonzales*, No. 05-588, 2006 WL 3861972, at *2 (W.D. La. Nov. 2, 2006)(report of the magistrate judge accepted by the district court on December 29, 2006).

*Moreira* is distinguishable. In that case, the petitioner's native country, Cape Verde, had "advised ICE it would not accept Moreira . . . because he no longer

ha[d] any family in Cape Verde." 2006 WL 3861972, at *2. Hence, as the court noted, the petitioner had met his initial burden, thereby requiring the government to produce evidence that there was a significant likelihood of his removal in the reasonably foreseeable future. Here, Joseph never met his initial burden.

As the magistrate judge noted, our decision to deny habeas relief at this time does not preclude Petitioner from seeking it again if events demonstrate that he has not been removed in the reasonably foreseeable future.

We will issue an appropriate order.

                                                /s/William W. Caldwell
                                                William W. Caldwell
                                                United States District Judge

Date: September 24, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CYRUS EARL JOSEPH, :
    Petitioner :
 :
    vs.     CIVIL NO. 1:CV-10-1222
 :
CRAIG LOWE, et al., :
    Respondents :

*O R D E R*

AND NOW, this 24th day of September, 2010, upon consideration of the magistrate judge's report (doc. 12) of July 20, 2010, and Petitioner's objections (doc. 13) thereto, it is ordered that:

    1. The magistrate judge's report and recommendation are adopted.

    2. The petition under 28 U.S.C. § 2241 is denied, but without prejudice to filing another petition if there is no significant likelihood of Petitioner's removal in he reasonably foreseeable future.

    3. The Clerk of Court shall close this file.

                        /s/William W. Caldwell
                         William W. Caldwell
                         United States District Judge